## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**LOUIS A. TRIPPLET**                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:23-CV-P11-JHM**

**DAVID KNIGHT et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION

    Plaintiff Louis A. Tripplet, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

    Plaintiff sues in their individual and official capacities, McCracken County Regional Jail (MCRJ) Jailer David Knight and Sgt. David Morrow. He alleges that while housed at the MCRJ[1] Defendant Morrow opened the "bean flap" in the dayroom and used extreme force in shooting pepper balls through the flap, ordering everyone "to get on the wall . . . because most people w[]ere already up against the wall or on the ground because [sprinklers] was shooting water in the dayroom." Plaintiff states that the pepper balls caused him to wheeze.

    Plaintiff next alleges that later that day while he was in his cell, a pepper ball exploded in his sleeping area, after which he could barely breathe and suffered severe pain in his chest, dizziness, nausea, and lightheadedness. He states that his blood pressure rose "way above" average due to stress and trauma and he was told not to take his inhalers for his discomfort because his

---

[1] Plaintiff is now housed in a correctional facility in Illinois.

blood pressure was so high. He states that he was then placed back in the same cell without his oxygen.

Plaintiff states that the medical staff was aware and that it is documented in "federal court proceedings" that he must always avoid concentrated exposure to pulmonary irritants. He also states that he needs supplemental oxygen during the day.

As relief, he asks for compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against McCracken County. When a § 1983 claim is made against a municipality such as McCracken County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by McCracken County. Thus, his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

#### 1. Defendant Morrow

Plaintiff alleges that Defendant Morrow used excessive force in shooting pepper balls through the flap of the dayroom and ordering everyone "to get on the wall" even though most of the inmates were already against the wall or on the ground.[2]

---

[2] Plaintiff does not attribute the later use of a pepper ball in his cell's sleeping area to Defendant Morrow.

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain on convicted inmates by state actors. The Sixth Circuit Court of Appeals has described the Eighth Amendment's prohibition on cruel and unusual punishment as follows:

> "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (quoting *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011)). The Supreme Court has explained that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal citation omitted).

*Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1093-94 (6th Cir. 2019).

To state an Eighth Amendment claim requires satisfying both an objective and a subjective component. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires that the prison official act with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). "[W]hen a prisoner alleges excessive force, the subjective component requires a heightened showing that the prison official acted 'maliciously and sadistically for the very purpose of causing harm.'" *Rafferty*, 915 F.3d at 1094 (citations omitted).

Even assuming that Plaintiff has alleged that the pain caused by Defendant Morrow when he fired the pepper balls into the day room was objectively serious, he does not allege that Defendant Morrow acted 'maliciously and sadistically for the very purpose of causing harm.'" *Rafferty*, 915 F.3d at 1094. First, it is clear from the complaint that not all inmates had moved against the wall as they had been ordered to do by Defendant Morrow. Further, although Plaintiff, a state inmate, asserts that it is documented in federal court proceedings and the medical staff was

4

aware that Plaintiff is not supposed to be exposed to concentrated pollutants, Plaintiff does not allege that Defendant Morrow was aware of this restriction. Plaintiff, accordingly, fails to state a constitutional claim related to Defendant Morrow's alleged use of excessive force.

### 2. Claim regarding pepper ball in sleeping area

Plaintiff alleges that after the pepper ball was deployed in his sleeping area his blood pressure was "way above" average; he was told not to use his inhalers for his discomfort because of his elevated blood pressure; and he was returned to the same cell without his oxygen. However, he does not attribute any of these allegations to a Defendant. The Court finds that there is no need to allow Plaintiff an opportunity to amend the complaint to identify the responsible person(s). *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile."). Plaintiff does not allege that he suffered any deleterious effects after he was placed back in his cell without his oxygen. Further, he only alleges that he was told not to use his inhalers for his *discomfort*, not that using the inhalers was necessary for his health at that point or that he suffered any effect other than discomfort from not being allowed to use his inhalers. The Court finds that Plaintiff has not stated a claim related to these allegations.

### 3. Defendant Knight

Plaintiff does not make any allegations regarding Defendant Knight. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege

5

with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent that Plaintiff seeks to hold Defendant Knight, as the MCRJ Jailer, liable in his supervisory capacity Plaintiff has not alleged that Defendant Knight directly participated in the events related to his claims. As such, he fails to state a claim against Defendant Knight based on his role as Jailer. In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss this civil action.

Date: June 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009